CT Corporation

# Service of Process Transmittal

02/24/2020
CT Log Number 537253975

**TO:** Chris Dzbanski
FORD MOTOR COMPANY
1 American Rd Whq 421-E6
Dearborn, MI 48126-2701

**RE: Process Served in California**

**FOR:** Ford Motor Company (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** Dale R. Halvorson, etc., Pltf. vs. Ford Motor Company, etc., et al., Dfts.

**DOCUMENT(S) SERVED:** Summons, Complaint, Attachment(s), Cover Sheet(s), Instructions

**COURT/AGENCY:** Orange County - Superior Court - Santa Ana, CA
Case # 30202001133474CUBCCJC

**NATURE OF ACTION:** Product Liability Litigation - Lemon Law - 2018 Ford Mustang, VIN: 1FA6P8JZ3J5500911

**ON WHOM PROCESS WAS SERVED:** C T Corporation System, Los Angeles, CA

**DATE AND HOUR OF SERVICE:** By Process Server on 02/24/2020 at 11:10

**JURISDICTION SERVED :** California

**APPEARANCE OR ANSWER DUE:** Within 30 days after service

**ATTORNEY(S) / SENDER(S):** Jim O. Whitworth
Law Offices of Jim O. Whitworth
7071 Warner Avenue, Suite F-134
Huntington Beach, CA 92647
714-841-0585

**ACTION ITEMS:** CT has retained the current log, Retain Date: 02/24/2020, Expected Purge Date: 02/29/2020

Image SOP

Email Notification, Chris Dzbanski cdzbansk@ford.com

**SIGNED:** C T Corporation System
**ADDRESS:** 1999 Bryan St Ste 900
Dallas, TX 75201-3140

**For Questions:** 877-564-7529
MajorAccountTeam2@wolterskluwer.com

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Electronically Filed by Superior Court of California, County of Orange, 02/20/2020 10:08:24 PM

10:35 02-24-2020

30-2020-01133474-CU-BC-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Lirio Sanchez, Deputy Clerk.

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANTS:**
***(AVISO AL DEMANDADO):***
FORD MOTOR COMPANY, a corporation; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
DALE R. HALVORSON, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Orange
700 Civic Center Drive West
Santa Ana, CA 92701

CASE NUMBER: *(Número del Caso):* 30-2020-01133474-CU-BC-CJC
Judge Layne H. Melzer

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JIM O. WHITWORTH (SBN222031) Phone: (714) 841-0585 Fax: (714) 845-9950
LAW OFFICES OF JIM O. WHITWORTH
7071 Warner Avenue, Suite F-134, Huntington Beach, CA 92647

DATE: *(Fecha)* 02/20/2020 DAVID H. YAMASAKI, Clerk of the Court Clerk, by *(Secretario)* Lirio Sanchez, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

SUPERIOR COURT OF CALIFORNIA COUNTY OF ORANGE

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Ford Motor Company
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically Filed by Superior Court of California, County of Orange, 02/20/2020 11:08:24 PM.
30-2020-01133474-CU-BC-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Lirio Sanchez, Deputy Clerk.

Jim O. Whitworth (SBN 222031)
jim@lemoncarhelp.com
**LAW OFFICES OF JIM O. WHITWORTH**
7071 Warner Avenue, Suite F-134
Huntington Beach, CA 92647
(714) 841-0585 - telephone
(714) 845-9950 - fax

Attorneys for Plaintiff,
**DALE R. HALVORSON**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE, CENTRAL DISTRICT**

| | |
|---|---|
| DALE R. HALVORSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY, a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | **Case No.:** 30-2020-01133474-CU-BC-CJC<br>Judge Layne H. Melzer<br><br>**COMPLAINT RE VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT ("ACT") {Civil Code §§ 1790 et seq.}:**<br><br>**1. BREACH OF EXPRESS WARRANTY OBLIGATIONS UNDER THE ACT;**<br><br>**2. BREACH OF IMPLIED WARRANTY OBLIGATIONS UNDER THE ACT** |

Plaintiff, DALE R. HALVORSON (hereinafter referred to as "HALVORSON" or "PLAINTIFF"), hereby alleges as follows:

**GENERAL ALLEGATIONS**

**COMMON TO ALL CAUSES OF ACTION**

1. HALVORSON is, and at all times herein mentioned was, an individual residing in the state of California.

2. HALVORSON is informed and believes and thereon alleges that Defendant, FORD MOTOR COMPANY (hereinafter referred to as "FMC"), is, and at all times herein mentioned was, a corporation duly licensed and/or authorized to conduct business in the state of California.

3. a) The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant DOES 1 through 25, inclusive, are unknown to HALVORSON, who therefore sues these Defendants by such fictitious names, and HALVORSON will seek leave to amend this Complaint to set forth their true names and capacities when ascertained.

b) HALVORSON is informed and believes, and thereon alleges, that each of the Defendants designated herein as a "DOE" is responsible in some manner for the events and happenings herein referred to and caused injury and damage to HALVORSON as herein alleged.

4. a) HALVORSON is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of their Co-Defendants.

b) HALVORSON is informed and believes, and thereon alleges, that in doing the things hereinafter alleged, Defendants, and each of them, were acting in the course and scope of their employment as such agents, servants, and/or employees, and/or with the permission, consent, knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

5. HALVORSON is informed and believes and thereon alleges that Defendants FMC and/or DOES 1 through 20, inclusive, and each of them (hereinafter individually and collectively referred to as the "MANUFACTURER"), manufactured and/or distributed, in the United States and the state of California, a consumer good identified as a 2018 FORD MUSTANG bearing vehicle identification number 1FA6P8JZ3J5500911 (hereinafter referred to as the "SUBJECT VEHICLE"), for its eventual sale or lease to retail buyers or lessees.

6. On or about June 15, 2018, HALVORSON purchased the SUBJECT VEHICLE for personal, family, and/or household purposes, from HB FORD, an authorized dealer and agent of MANUFACTURER, and/or DOES 26 through 50, inclusive, and each of them (hereinafter individually and collectively referred to as "DEALER"), retail merchants authorized by MANUFACTURER to do business in the state of California on behalf of MANUFACTURER.

///

7.     MANUFACTURER appended to the SUBJECT VEHICLE an express written warranty in which it warranted to perform any repairs or replacement of parts necessary to ensure that the SUBJECT VEHICLE and the components therein were free from all defects in material and workmanship, and to perform any adjustments necessary to maintain the utility of the SUBJECT VEHICLE and the parts, components, and various electrical and/or mechanical systems contained therein.

8.     HALVORSON duly performed all the conditions on his part under the purchase contract and under each of the express warranties referenced above, except insofar as the acts and/or omissions of all Defendants herein, and each of them, as hereinafter alleged, prevented and/or excused such performance.

9.     a)     HALVORSON returned the SUBJECT VEHICLE to DEALER for repairs under the warranties referenced above because it exhibited defects, nonconformities, maladjustments, or malfunctions relating to the transmission and engine noise.

b)     Subsequently, the SUBJECT VEHICLE exhibited further and additional defects, nonconformities, maladjustments, or malfunctions in the same components or systems.

10.     a)     On each occasion on which the SUBJECT VEHICLE exhibited defects, nonconformities, maladjustments, or malfunctions, as hereinabove described, HALVORSON notified MANUFACTURER, through DEALER or one of MANUFACTURER'S other authorized service and repair facilities, within a reasonable time after HALVORSON's discovery thereof.

b)     On each occasion of notification, HALVORSON attempted to invoke the applicable warranties, demanding that the authorized repair facilities repair such non-conformities pursuant to the warranties.

11.     a)     On each such occasion, Defendants, and each of them, represented to HALVORSON that they could and would make the SUBJECT VEHICLE conform to the applicable warranties, and/or that they had successfully repaired the SUBJECT VEHICLE.

///

///

b) However, Defendants, and each of them, failed to make the SUBJECT VEHICLE conform to the applicable warranties, despite a reasonable number of attempts to do so.

12. On or about February 2020, HALVORSON discovered that Defendants, and each of them, were unable or unwilling to make the SUBJECT VEHICLE conform to the applicable warranties.

**FIRST CAUSE OF ACTION**

**(Breach of Express Warranty Obligations Under the ACT)**

**(Against FORD MOTOR COMPANY)**

13. HALVORSON re-alleges each and every paragraph contained in the GENERAL ALLEGATIONS set forth hereinabove, and hereby incorporates them by this reference as though fully set forth herein.

14. The actions of Defendants, and each of them, in failing to perform the proper repairs, parts replacements, and/or adjustments to make the SUBJECT VEHICLE conform to the applicable express warranties constitute a breach of the express warranties that MANUFACTURER provided to HALVORSON, thereby breaching Defendants' obligations under the ACT.

15. a) As the result of the actions of Defendants, and each of them, and pursuant to the provisions of the ACT, HALVORSON is entitled to replacement of the SUBJECT VEHICLE, or restitution of the amount actually paid or payable under the contract, at HALVORSON's option, plus prejudgment interest thereon at the legal rate.

b) HALVORSON will seek leave of the Court to amend this Complaint to set forth the exact amount of restitution and interest, upon election, when ascertained.

16. a) As a further result of the actions of Defendants, and each of them, and pursuant to the ACT, HALVORSON has sustained and is entitled to incidental damages in an amount yet to be determined, plus interest thereon at the legal rate.

b) HALVORSON will seek leave of the Court to amend this Complaint to set forth the exact amount of incidental damages when ascertained.

17. a) As a further result of the actions of Defendants, and each of them, and pursuant to the ACT, HALVORSON has sustained and is entitled to consequential damages in an amount yet to be determined, plus interest thereon at the legal rate.

b) HALVORSON will seek leave of the Court to amend this Complaint to set forth the exact amount of consequential damages when ascertained.

18. a) Defendants, and each of them, failed to perform the necessary repairs or service in a good and workmanlike manner.

b) The actions taken by Defendants, and each of them, were insufficient to make the SUBJECT VEHICLE conform to the express warranties and/or proper operational characteristics of like vehicles, all in violation of Defendants' obligations under the ACT.

19. Although Defendants, and each of them, were unable to service or repair the SUBJECT VEHICLE to conform to the applicable express warranties after a reasonable number of attempts, Defendants failed to replace the SUBJECT VEHICLE or make restitution to HALVORSON in accordance with the ACT.

20. Defendants, and each of them, knew of their obligations under the ACT, but intentionally failed or declined to fulfill them.

21. The failure of Defendants, and each of them, to make the SUBJECT VEHICLE conform to the applicable express warranties was willful, justifying an award of a Civil Penalty as provided in the ACT in an amount not to exceed two (2) times HALVORSON's actual damages.

22. The failure of Defendants, and each of them, to replace the SUBJECT VEHICLE or make restitution to HALVORSON was willful, justifying an award of a Civil Penalty as provided in the ACT in an amount not to exceed two (2) times HALVORSON's actual damages.

23. a) HALVORSON made demand upon MANUFACTURER for replacement or restitution, pursuant to the ACT.

b) Defendants, and each of them, knew of their obligations under the ACT, but, nevertheless, and despite HALVORSON's demand, failed and refused to make restitution or replacement according to the mandates of the ACT.

24. a) As a direct result of the actions of Defendants, and each of them, and in pursuing HALVORSON's claim, it was necessary for HALVORSON to retain legal counsel.

b) Pursuant to the ACT, HALVORSON is entitled to the recovery of attorney's fees based upon actual time expended, and to the recovery of all costs and expenses reasonably incurred in pursuing this matter.

**SECOND CAUSE OF ACTION**

**(Breach of Implied Warranty Obligations Under the ACT)**

**(Against All Defendants)**

25. HALVORSON re-alleges each and every paragraph contained in the GENERAL ALLEGATIONS set forth hereinabove, and hereby incorporates them by reference as though fully set forth at length herein.

26. At the time that MANUFACTURER distributed the SUBJECT VEHICLE into commerce, and at the time that HALVORSON acquired the SUBJECT VEHICLE, Defendants, and each of them, impliedly warranted that the SUBJECT VEHICLE was merchantable as provided in the ACT.

27. At the time that DEALER sold the SUBJECT VEHICLE, and at the time that HALVORSON acquired the SUBJECT VEHICLE, Defendants, and each of them, impliedly warranted that the SUBJECT VEHICLE was merchantable as provided in the ACT.

28. The SUBJECT VEHICLE was not merchantable, as evidenced by the defects, nonconformities, maladjustments, and/or malfunctions as hereinabove alleged.

29. a) As the result of the actions of Defendants, and each of them, HALVORSON has sustained damage in the amount actually paid or payable under the contract, plus prejudgment interest thereon at the legal rate.

b) HALVORSON will seek leave to amend this Complaint to set forth the exact amount thereof when ascertained.

30. a) As a further result of the actions of Defendants, and each of them, HALVORSON has sustained incidental damages in an amount yet to be determined, plus interest thereon at the legal rate.

b) HALVORSON will seek leave to amend this Complaint to set forth the exact amount of incidental damages when ascertained.

31. a) As a further result of the actions of Defendants, and each of them, HALVORSON has sustained consequential damages in an amount yet to be determined, plus interest thereon at the legal rate.

b) HALVORSON will seek leave to amend this Complaint to set forth the exact amount of consequential damages when ascertained.

32. a) As a direct result of the actions of Defendants, and each of them, and in pursuing HALVORSON's claim, it was necessary for HALVORSON to retain legal counsel.

b) Pursuant to the ACT, HALVORSON is entitled to the recovery of attorney's fees based upon actual time expended, and to the recovery of all costs and expenses reasonably incurred in pursuing this matter.

WHEREFORE, HALVORSON prays for judgment against Defendants, and each of them, as follows:

**AS TO THE FIRST AND SECOND CAUSES OF ACTION**

1. For replacement or restitution, HALVORSON's option, as required under the ACT.

2. For general damages according to proof as provided by California Civil Code beginning at 1794.

3. For incidental damages, pursuant to Civil Code §1794 (b)(1) and (2) in an amount to be determined by the Court.

4. For incidental and consequential damages pursuant to Civil Code §1794 (b)(1) and (2) in an amount to be determined by the Court.

5. For prejudgment interest at the legal rate.

6. For a civil penalty as provided in the ACT.

7. For reasonable attorneys' fees as provided by California Civil Code Section 1794.

///

8. For costs of suit herein.

9. For such other and further relief as the Court may deem proper.

Respectfully submitted,

DATED: February 20, 2020

**LAW OFFICES OF JIM O. WHITWORTH**

By: [signature]
Jim O. Whitworth, Esq.
Attorneys for Plaintiff,
DALE R. HALVORSON

**George Todd**

**From:** Trishia Ures <tures@GAJPLaw.com>
**Sent:** Friday, February 21, 2020 12:54 PM
**To:** Mikeg
**Subject:** Chambers Copy Delivery
**Attachments:** Hanneman Joint Report.pdf; S Hanneman Exh A 26f Report.pdf

**Categories:** Red Category

Good Afternoon,

We need the attached delivered Monday AM to Judge Dolly M. Gee, Please.

Case: Stuart Hanneman v. Capital One Bank (USA), N.A.
Case No.: 2:19-cv-10686-DMG- SS

Also, We have been trying to get you our credit card information for payment since February 11th, can you please advise how to proceed?

Thank you,

Trishia Ures
Legal Assistant

GAJP|LAW

A 1430 Blue Oaks Blvd, Suite 250 Roseville, CA 95747
P (916) 290-7778 E tures@gajplaw.com W www.gajplaw.com
F (916) 721-2767

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

Electronically Filed by Superior Court of California, County of Orange, 02/20/2020 11:08:24 PM.
30-2020-01133474-CU-BC-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Lirio Sanchez, Deputy Clerk.

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): FOR COURT USE ONLY

JIM O. WHITWORTH (SBN 222031)
LAW OFFICES OF JIM O. WHITWORTH
7071 WARNER AVENUE, SUITE F-134
HUNTINGTON BEACH, CA 92647
TELEPHONE NO.: (714) 841-0585 FAX NO.: (714) 845-9950
ATTORNEY FOR (Name): Plaintiff, DALE R. HALVORSON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA ANA 92701-4022
BRANCH NAME: CENTRAL

CASE NAME:
DALE R. HALVORSON V. FORD MOTOR COMPANY , et al.

**CIVIL CASE COVER SHEET**

☑ **Unlimited** (Amount demanded exceeds $25,000)
☐ **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ **Counter** ☐ **Joinder**
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 30-2020-01133474-CU-BC-CJC
JUDGE: Judge Layne H. Melzer
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify)*: 2-Breach of Express Warranty; Breach of Implied Warranty
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 20, 2020
JIM O. WHITWORTH
(TYPE OR PRINT NAME)

▶ Jim O. Whitworth
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

